1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JUSTIN COUNTRYMAN,

            Plaintiff,

    v.

DAVID SHERMAN, et al.,

            Defendant.

Case No. C19-01767-JCC-SKV

ORDER ON MOTIONS FOR LEAVE
TO FILE OVERLENGTH BRIEFS,
MOTIONS TO COMPEL, MOTION
TO AMEND, DIRECTING STATUS
REPORT, AND STRIKING MOTION
FOR SUMMARY JUDGMENT

       This is a 42 U.S.C. § 1983 prisoner civil rights action.  Currently pending before the Court are Plaintiff's motions for leave to file overlength briefs, Dkts. 32, 40, Plaintiff's motions to compel, Dkts. 33, 41, Defendants' motion for summary judgment, Dkt. 35, and Plaintiff's motion for leave to amend his complaint, Dkt. 50.  Having considered the parties' submissions, the balance of the record, and the governing law, the Court finds and ORDERS:

**A.**  **Plaintiff's Motions to File Overlength Brief**

       Plaintiff moves for leave to file overlength briefs in support of his motions to compel. Dkts. 32, 40.  Defendants have not opposed Plaintiff's motions.  Plaintiff's motions are GRANTED and the Court will consider the entirety of Plaintiff's briefing.

//

ORDER ON MOTIONS FOR LEAVE TO FILE
OVERLENGTH BRIEFS, MOTIONS TO COMPEL,
MOTION TO AMEND, DIRECTING STATUS
REPORT, AND STRIKING MOTION FOR
SUMMARY JUDGMENT - 1

**B.**     **Plaintiff's Motions to Compel**

Plaintiff has filed two motions to compel which appear to be identical except that the second motion appears to contain additional attachments.  Dkts. 33, 41.  Plaintiff moves to compel with respect to several discovery requests.  Defendants oppose the motions arguing that they have properly responded or objected to some of the discovery requests and that, with respect to the remaining requests, the parties have not yet met and conferred.  Dkts. 43, 46.

A party may obtain discovery regarding any nonprivileged information that is relevant to any claim or defense in their case.  Fed. R. Civ. P. 26(b)(1).  When determining whether evidence is discoverable, the Court must also consider "whether the burden or expense of the proposed discovery outweighs its likely benefits."  *Id*.  Once the party seeking discovery has established the request meets this relevancy requirement, "the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections."  *Bryant v. Ochoa*, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009).  When a party believes the responses to their discovery requests are incomplete, or contain unfounded objections, they may move the court for an order compelling disclosure.  Fed. R. Civ. P. 37.  The movant must show they conferred, or made a good faith effort to confer, with the party opposing disclosure before seeking court intervention.  *Id.*  Moreover, a motion to compel may be premature where the record reflects that the parties have not reached an impasse regarding discovery disputes.  *See Advanced Hair Restoration, LLC v. Hair Restoration Centers, LLC*, 2018 WL 828213, at *2 (W.D. Wash. Feb. 12, 2018) (denying motion to compel where "[t]here is no evidence that the parties reached an impasse in their discussions" and defendant was "attempting in good faith to resolve the discovery dispute outside of Court by producing the requested records"); *Beasley v. State Farm Mut. Auto. Ins. Co.*, 2014 WL 1268709, at *3 (W.D.

ORDER ON MOTIONS FOR LEAVE TO FILE
OVERLENGTH BRIEFS, MOTIONS TO COMPEL,
MOTION TO AMEND, DIRECTING STATUS
REPORT, AND STRIKING MOTION FOR
SUMMARY JUDGMENT - 2

1   Wash. Mar. 25, 2014) (denying motion to compel when there is no suggestion that the parties

2   reached impasse before the plaintiff filed his motion); *Branch Banking & Tr. Co. v. Pebble*

3   *Creek Plaza, LLC*, 2013 WL 12176465, at *1 (D. Nev. July 26, 2013) (judicial intervention is

4   appropriate only when "informal negotiations have reached an impasse on the substantive issue

5   in dispute").

6          Plaintiff challenges Defendant DOC's response to Production Request No. 3 which

7   requested that Defendant,

8          Produce all documents, electronically stores [sic] information and tangible things
           showing all (court actions) legal or not against the Department of Corrections and or its
9          named facilities, directly in regards to the 2017-18 and 2018-19 Passover
           memo's/policies/procedures preventing Incarcerated Individuals participation, in their
10         entirety, showing each individual case and its resolutions.

11  Dkt. 33-1, at 19-20.  Defendant identified several objections to the request and also provided the

12  following response:

13         Without waiving the above objections, there are no cases that fit the time period
           identified (2017-18 Passover sign up memo or 2018-19 Passover signup memo) and the
14         issue identified (cases which challenged the memos preventing incarcerated individuals
           participation, in their entirety). Therefore there are no responsive records to identify.

15  *Id.*  Plaintiff objects to Defendants' response solely on the grounds that he "believes this is

16  incorrect" but provides nothing to support this assertion. Dkt. 33, at 9.  Plaintiff's unsupported

17  assertion that he believes Defendants are incorrect fails to demonstrate Defendants' response is

18  incomplete or otherwise deficient.  Accordingly, Plaintiff's motion to compel is denied with

19  respect to Production Request No. 3 directed to Defendant DOC.

20         Plaintiff also challenges Defendant DOC's response to Interrogatory No. 9 which

21  requested that Defendant DOC,

22         [E]xplain in full and complete detail, when the development of the Passover memo/policy
           in question took place in order to manage the limited resources issues, what if any, were
23

ORDER ON MOTIONS FOR LEAVE TO FILE
OVERLENGTH BRIEFS, MOTIONS TO COMPEL,
MOTION TO AMEND, DIRECTING STATUS
REPORT, AND STRIKING MOTION FOR
SUMMARY JUDGMENT - 3

1   other solutions or resolutions, proposed, that were less restrictive measures that was
2   discussed and turned down, prior to going with the 2018-19 Passover memo/policy used.

Dkt. 33-1, at 21.  Defendant objected to the request on the following grounds:

3
4   This interrogatory is vague and ambiguous, as "development," "solutions," "resolutions,"
    "less restrictive measures," and "discussed" could have many meanings. This
5   interrogatory in general is also confusing as worded and without a clear timeframe. The
    interrogatory is further argumentative in its style and appears to be an attempt to trap
6   Defendant into admitting liability or other similar legal conclusions, which is improper.
    Furthermore, this interrogatory is substantively duplicative of other interrogatories
7   already propounded to individual Defendants with more direct, personal knowledge, and
    so propounding this interrogatory to Defendant as an agency is unduly burdensome and
    redundant.

8   Dkt. 33-1, at 21.  Defendant also provided the following response:

9
    Without waiving the above objections, *see* Answer to Interrogatory No. 8 to Defendant
10  Belinda Stewart. As that answer describes in more detail, the three criteria in the 2018
    Passover Memo were chosen because the Department wanted to add a third option in
11  addition to the 2017 Passover criteria, but also because the earlier option of having no
    criteria for Passover sign up was not workable for the Department at the time.

12  *Id.*

13       The Court agrees with Plaintiff that Defendant's response is incomplete with respect to

14  the portion of the Interrogatory asking "what if any, were other solutions or resolutions,

15  proposed, that were less restrictive measures that was discussed and turned down, prior to going

16  with the 2018-19 Passover memo/policy used."  The Court further does not find the Interrogatory

17  to be vague or ambiguous, unclear as to time frame, or otherwise improper as Defendant asserts

18  in their objections.  "Generally, the fact that an interrogatory calls for a legal conclusion is not

19  grounds for an objection."  *Thomas v. Cate*, 715 F. Supp. 2d 1012, 1029–30 (E.D. Cal. 2010),

20  *order clarified*, No. 1:05CV01198LJOJMDHC, 2010 WL 797019 (E.D. Cal. Mar. 5, 2010);

21  *Sonnino v. Univ. of Kan. Hosp. Auth.,* 220 F.R.D. 633, 648 (D. Kan. 2004) ("that a discovery

22  request 'calls for a legal conclusion' is not valid objection"); *Campbell v. Washington,* 2009 WL

23  577599, at *3 (W.D.Wash.2009) (The Federal Rules expressly direct that "[a]n interrogatory is

1   not objectionable merely because it asks for an opinion or contention that relates to fact or the

2   application of law to fact").  "The only kind of interrogatory that is objectionable on the basis

3   that it calls for a legal conclusion is one that extends to legal issues unrelated to the facts of the

4   case." *Holland v. GMAC Mortg.*, 2005 WL 1285678 at *3 (D. Kan. 2005).  Interrogatory No. 9

5   is related to the facts of the instant case.  Accordingly, Defendant's objection on this basis lacks

6   merit and is overruled.

7          Moreover, the party objecting to discovery as vague or ambiguous has the burden to

8   show such vagueness or ambiguity by demonstrating that "more tools beyond mere reason and

9   common sense are necessary to attribute ordinary definitions to terms and phrases." *Thomas*,

10  715 F. Supp. 2d 1012, 1029–30; *Moss v. Blue Cross & Blue Shield of Kan., Inc.,* 241 F.R.D. 683,

11  696 (D. Kan. 2007); *accord Milinazzo v. State Farm Ins. Co.,* 247 F.R.D. 691, 695 (S.D. Fla.

12  2007) ("party properly objecting to an objection on the grounds of vagueness must explain the

13  particular ways in which a request is vague").  Defendant has failed to meet this burden.  Further,

14  the Court finds that a common sense reading of the disputed phrases based on the ordinary

15  definitions of the terms "development," "solutions," "resolutions," "less restrictive measures,"

16  and "discussed" permits the Defendant to respond to Interrogatory No. 9.  Accordingly,

17  Defendant's objection on this basis also lacks merit and is overruled.

18         Plaintiff's motion to compel is therefore granted in part with respect to Interrogatory No.

19  9 directed to Defendant DOC.  On or before, August 20, 2021, Defendant should supplement its

20  response to the portion of Plaintiff's interrogatory asking "what if any, were other solutions or

21  resolutions, proposed, that were less restrictive measures that was discussed and turned down,

22  prior to going with the 2018-19 Passover memo/policy used."

23

ORDER ON MOTIONS FOR LEAVE TO FILE
OVERLENGTH BRIEFS, MOTIONS TO COMPEL,
MOTION TO AMEND, DIRECTING STATUS
REPORT, AND STRIKING MOTION FOR
SUMMARY JUDGMENT - 5

Plaintiff also challenges Defendant DOC's response to Interrogatory No. 15 which requested that Defendant, "explain in full and complete detail, What do you think has created the legal basis for the affirmative defenses or objections asserted in your answer, and what forms the legal basis for any factual conclusion asserted in the same." Dkt. 33-1, at 21.

Defendant objected to the request on the following grounds:

> OBJECTION: This request calls for a legal conclusion in asking Defendant to explain the legal basis for something. Defendant is also unsure what Plaintiff means by "factual conclusion," and cannot formulate an answer in light of the confusing nature of Plaintiff's request.
> SUPPLEMENTAL OBJECTION: To the extent that this interrogatory asks for Defendants to reveal the legal arguments they will be putting forward in this case in a motion for summary judgment, the request is premature and improperly asks defense counsel for attorney work product information.

Defendant also provided the following response:

> Without waiving the above objections, Defendant can attempt to provide the factual information which forms the basis of the claims and states: the factual information providing background to the Defendants' Answer comes from the documents available to Defendants (and as provided to Plaintiff at DEFS 1-115) and from Defendants' recollections.  Any legal arguments by Defendants, through defense counsel, will be asserted in a later-filed motion for summary judgment.

Dkt. 33-1, at 21-22.

The Court upholds Defendant's objections and finds Defendant's response to Plaintiff's interrogatory to be sufficient.  First, the Court agrees with Defendant's objection that the question is unclear and confusing and that, in particular, it is unclear what Plaintiff means by a "factual conclusion."  The Court also notes that Defendants have subsequently filed a motion for summary judgment to which Plaintiff has had time and the opportunity to respond.  Plaintiff will also be given an additional opportunity to supplement his response to the motion after the discovery issues are resolved or to respond to any other future dispositive motion Defendants may bring.  Thus, to the extent Plaintiff is seeking to assess the legal grounds for Defendants'

ORDER ON MOTIONS FOR LEAVE TO FILE
OVERLENGTH BRIEFS, MOTIONS TO COMPEL,
MOTION TO AMEND, DIRECTING STATUS
REPORT, AND STRIKING MOTION FOR
SUMMARY JUDGMENT - 6

1    defense to the action, it would appear he likely now has that information.  Accordingly,

2    Plaintiff's motion to compel is DENIED with respect to Interrogatory No. 15 directed to DOC.

3         There is some indication that some of the remaining discovery requests at issue in

4    Plaintiff's motions to compel may have been discussed to some extent at some earlier point in

5    the discovery process.  However, the parties appear to agree that, at their most recent meeting,

6    Plaintiff indicated that if Defendant provided him responses to the three discovery requests

7    discussed above, he would be satisfied and would not require any further responses to the

8    remaining requests.  However, when Plaintiff was dissatisfied with Defendant's responses to

9    those three requests, he moved to compel not only with respect to those three requests, but also

10   with respect to the remaining requests which the parties had not fully or finally discussed and

11   attempted to informally resolve.  As such, it appears to the Court that Plaintiff's motion to

12   compel is premature with respect to these remaining requests as the parties have not fully met

13   and conferred regarding these issues and the record does not demonstrate the parties have

14   reached an impasse.  *Beasley*, 2014 WL 1268709, at *3.

15        In sum, Plaintiff's motions to compel are GRANTED in part with respect to Interrogatory

16   No. 9 directed to Defendant DOC.  On or before, **August 20, 2021**, Defendant should

17   supplement its response to the portion of Plaintiff's interrogatory asking "what if any, were other

18   solutions or resolutions, proposed, that were less restrictive measures that was discussed and

19   turned down, prior to going with the 2018-19 Passover memo/policy used."  Plaintiff's motions

20   to compel are DENIED with respect to Production Request No. 3 and Interrogatory No. 15,

21   directed to Defendant DOC.  Plaintiff's motions to compel are DENIED without prejudice as

22   premature with respect to the remaining discovery requests to which Plaintiff seeks to compel a

23   response.  The parties are directed to meet and confer with respect to the remaining discovery

ORDER ON MOTIONS FOR LEAVE TO FILE
OVERLENGTH BRIEFS, MOTIONS TO COMPEL,
MOTION TO AMEND, DIRECTING STATUS
REPORT, AND STRIKING MOTION FOR
SUMMARY JUDGMENT - 7

1   requests and file a status report regarding the discovery issues on or before **August 30, 2021**.

2   The discovery deadline is deemed extended to **August 30, 2021**.

3         Plaintiff also contends some of Defendants' discovery responses are not properly signed

4   and that some of the responses he received were untimely.  Plaintiff appears to be requesting that

5   Defendants be sanctioned in some way on this basis.[1]  However, with the exception of his

6   objections to the discovery responses he received which are discussed above and which are the

7   subject of the motions to compel, Plaintiff does not appear to contend that there is additional

8   discovery that remains outstanding.  Furthermore, although Defendants acknowledge there were

9   some delays in providing some of the responses, they provide reasonable explanations for those

10  delays.  It appears to the Court that defense counsel has been working in good faith to

11  communicate with and provide discovery to Plaintiff.  Furthermore, although defense counsel

12  acknowledges there was a delay in providing Defendants' signatures for some of the

13  interrogatory answers, it appears to the Court that Defendants and/or defense counsel have now

14  provided proper signatures for the discovery responses as required by Fed. R. Civ. P. 33 and 34.

15  Accordingly, Plaintiff's request for sanctions on this basis is denied.

16  **C.**    **Defendants' Motion for Summary Judgment**

17        Defendants have also moved for summary judgment.  Dkt. 35.  Plaintiff opposes

18  Defendants' motion arguing, in part, that he has not yet received responses to his discovery

19  requests which he contends are relevant to demonstrating Defendants' liability.  Dkt. 45.

20  Defendants, in reply, argue that Plaintiff has not demonstrated the outstanding discovery is

21  essential to justify his opposition.  Dkt. 48.

22

23

---

[1] The Court notes that Plaintiff appears to request "dismissal" as a sanction but it is unclear what Plaintiff is seeking to have dismissed.

Federal Rule of Civil Procedure 56(d) provides, that, in the context of a motion for summary

judgment:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot
> present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Furthermore, the Ninth Circuit has addressed the application of this rule in the context of *pro se*

prisoner plaintiffs and stated that:

> Under Rule 56(f) [ (the predecessor to current Rule 56(d)) ], the court may postpone
> ruling on a summary judgment motion where the nonmoving party needs "additional
> discovery to explore 'facts essential to justify the party's opposition.'-" *Crawford-El v.
> Britton*, 523 U.S. 574, 599 n.20 (1998) (quoting Fed. R. Civ. Pro. 56(f)). Though the
> conduct of discovery is generally left to a district court's discretion, summary judgment is
> disfavored where relevant evidence remains to be discovered, particularly in cases
> involving confined *pro se* plaintiffs. *Klingele v. Eikenberry*, 849 F.2d 409, 412 (9th Cir.
> 1988); *Harris v. Pate*, 440 F.2d 315, 318 (7th Cir. 1971) (Stevens, J.) (observing that the
> combined disabilities of self-representation and confinement hinder a plaintiff's ability to
> gather evidence). Thus summary judgment in the face of requests for additional discovery
> is appropriate only where such discovery would be "fruitless" with respect to the proof of
> a viable claim. *Klingele*, 849 F.2d at 412.

*Jones v. Blanas*, 393 F.3d 918, 930 (9th Cir. 2004) (parallel citations omitted and brackets

added).

In reviewing Plaintiff's motions to compel and Defendants' motion for summary

judgment it appears to the Court that some of the discovery at issue may be relevant in the

context of considering Defendants' motion for summary judgment.  The Court cannot conclude,

on the current record, that the discovery sought would necessarily be fruitless with respect to

proving a viable claim.  Accordingly, the Court finds it is appropriate for Defendant DOC to

supplement its response to Interrogatory 9 and allow Plaintiff the opportunity to pursue the

discovery issues before proceeding to consider Defendants' motion for summary judgment.  The

Court also notes that it appears Defendants have moved for summary judgment with respect to

ORDER ON MOTIONS FOR LEAVE TO FILE
OVERLENGTH BRIEFS, MOTIONS TO COMPEL,
MOTION TO AMEND, DIRECTING STATUS
REPORT, AND STRIKING MOTION FOR
SUMMARY JUDGMENT - 9

Plaintiff's as-applied constitutional challenge, but it does not appear they have directly addressed the facial challenge to the constitutionality of the policy at issue that Plaintiff appears to raise in his complaint.

Under the circumstances, Defendants' motion for summary judgment is stricken from the Court's calendar pursuant to Fed. R. Civ. P. 56(d).  Defendants may restore and re-note their motion for summary judgment or file a new motion once the outstanding discovery issues have been resolved.  The dispositive motions deadline is deemed extended to **September 30, 2021**.

**D.     Plaintiff's Motion to Amend**

Plaintiff has also filed a motion to amend his complaint indicating that he wishes to add another defendant.  Dkt. 50.  Defendants oppose Plaintiff's motion noting that Plaintiff has not attached a copy of his proposed amended complaint as required by Local Rule 15.  Dkt. 52. Defendants also argue that Plaintiff unduly delayed in moving to amend, that they would be prejudiced by the amendment in light of their pending summary judgment motion, and that amendment may be futile but that they are unable to assess futility because Plaintiff has failed to attach a proposed amended complaint.  *Id.*

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

(1) ***Amending as a Matter of Course***
A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or
(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) ***Other Amendments***
In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

ORDER ON MOTIONS FOR LEAVE TO FILE
OVERLENGTH BRIEFS, MOTIONS TO COMPEL,
MOTION TO AMEND, DIRECTING STATUS
REPORT, AND STRIKING MOTION FOR
SUMMARY JUDGMENT - 10

Defendants filed an answer on May 15, 2020. Dkt. 17. Thus, the time has expired for filing an amendment as a matter of course and Plaintiff cannot amend pursuant to Rule 15(a)(1). Further, Defendants have not provided written consent allowing Plaintiff to amend. Thus, to amend the complaint, Plaintiff must have the Court's leave. *See* Fed.R.Civ.P. 15(a)(2).

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 445 F.3d 1132, 1136 (9th Cir. 2006) (*quoting* Fed.R.Civ.P. 15(a)). In determining whether leave to amend is appropriate, the district court considers 'the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (*quoting Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)).

Under Local Civil Rule (LCR) 15,

> A party who moves for leave to amend a pleading, or who seeks to amend a pleading by stipulation and order, must attach a copy of the proposed amended pleading as an exhibit to the motion or stipulation. The party must indicate on the proposed amended pleading how it differs from the pleading that it amends by bracketing or striking through the text to be deleted and underlining or highlighting the text to be added. The proposed amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits.

Here, Plaintiff did not attach the proposed amended complaint. As such, Plaintiff has not complied with the Local Rules. Furthermore, without the proposed amended complaint, the Court is unable to properly consider if leave to amend should be given in light of the four factors described above. Therefore, the motion is DENIED without prejudice. If Plaintiff moves to amend his complaint again, he must include a copy of his proposed amended complaint as required by LCR 15.

//

1

## **CONCLUSION**

2      For the foregoing reasons, the Court orders:

3   1) Plaintiff's motions to file overlength briefs, Dkts. 32, 40, are GRANTED.

4   2)  Plaintiff's motions to compel, Dkts. 33, 41, are granted in part with respect to

5       Interrogatory No. 9 directed to Defendant DOC.  On or before, **August 20, 2021**,

6       Defendant should supplement its response to the portion of Plaintiff's interrogatory

7       asking "what if any, were other solutions or resolutions, proposed, that were less

8       restrictive measures that was discussed and turned down, prior to going with the 2018-19

9       Passover memo/policy used."

10  3)  Plaintiff's motions to compel, Dkts. 33, 41, are DENIED with respect to Production

11      Request No. 3 and Interrogatory No. 15, directed to Defendant DOC.

12  4)  Plaintiff's motions to compel, Dkts. 33, 41, are DENIED without prejudice as premature

13      with respect to the remaining discovery requests to which Plaintiff seeks to compel a

14      response.  The parties are directed to meet and confer with respect to the remaining

15      discovery requests and file a status report regarding the status of the remaining discovery

16      issues on or before **August 30, 2021**.  The discovery deadline is deemed extended to

17      **August 30, 2021** for that purpose.

18  5)  Defendants' motion for summary judgment, Dkt. 35, is STRICKEN from the motion

19      calendar pursuant to Fed. R. Civ. P. 56(d).  Defendants may restore and re-note their

20      motion for summary judgment or file a new motion once the outstanding discovery issues

21      have been resolved.  The dispositive motions deadline is deemed extended to **September**

22      **30, 2021**.

23  6) Plaintiff's motion to amend, Dkt. 50, is DENIED without prejudice.

ORDER ON MOTIONS FOR LEAVE TO FILE
OVERLENGTH BRIEFS, MOTIONS TO COMPEL,
MOTION TO AMEND, DIRECTING STATUS
REPORT, AND STRIKING MOTION FOR
SUMMARY JUDGMENT - 12

7) The Clerk is directed to send copies of this order to the parties and to the Honorable John

C. Coughenour.

Dated this 2nd day of August, 2021.


S. KATE VAUGHAN
United States Magistrate Judge

ORDER ON MOTIONS FOR LEAVE TO FILE
OVERLENGTH BRIEFS, MOTIONS TO COMPEL,
MOTION TO AMEND, DIRECTING STATUS
REPORT, AND STRIKING MOTION FOR
SUMMARY JUDGMENT - 13