1

2

3

4

5

6 UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
7 AT SEATTLE

8 JUSTIN COUNTRYMAN,

9                 Plaintiff,        Case No. C19-01767-JCC-SKV

10       v.                              ORDER DENYING MOTION FOR
APPOINTMENT OF COUNSEL AND
11 DAVID SHERMAN, et al.,            GRANTING MOTION FOR
EXTENSION OF DISPOSITIVE
12                Defendant.      MOTIONS DEADLINE

13

14       This is a civil rights action brought under 42 U.S.C. § 1983.  This matter comes before

15 the Court at the present time on Plaintiff's motion for appointment of counsel, Dkt. 58, and

16 Defendants' motion for extension of the dispositive motion deadline, Dkt. 62.  Defendants have

17 filed a response opposing Plaintiff's motion for appointment of counsel.  Dkt. 60.  For the

18 reasons below, Plaintiff's motion for appointment of counsel, Dkt. 58, is DENIED and

19 Defendants' motion for extension, Dkt. 62, is GRANTED.

20 //

21                    Plaintiff's Motion for Appointment of Counsel

22       There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983.

23 Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party

1   proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances.  *Wilborn*

2   *v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236

3   (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980).  A finding of exceptional

4   circumstances requires an evaluation of both the likelihood of success on the merits and the

5   ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues

6   involved. *Wilborn*, 789 F.2d at 1331.

7          Plaintiff filed a previous motion seeking appointment of counsel which was denied.

8   Dkts. 22, 25.  The Court notes that the instant motion raises many of the same arguments that

9   were raised in Plaintiff's previous motion.  Plaintiff asserts in support of his motion for

10  appointment of counsel that he cannot afford to pay for an attorney, that the issues in the case are

11  complex, that he has limited knowledge of the law, and that he previously had assistance from

12  other prisoners in litigating his case but that those individuals have been transferred to other

13  facilities.  Dkt. 58.  Plaintiff also claims that access to the law library has been limited as a result

14  of the pandemic and that his requests for "priority access" based on pending Court deadlines

15  have been denied.  *Id.*  Finally, Plaintiff asserts that he is likely to succeed on the merits of his

16  constitutional claims.  *Id.*

17          Plaintiff asserts generally that his access to the law library has been limited due to the

18  pandemic and that he has been denied priority access to the law library.  *Id.*  But Plaintiff offers

19  no details regarding the basis for the denial of his requests for priority access or the nature and

20  extent of the limitations on his law library access.  Plaintiff also fails to demonstrate the

21  limitations on law library access have impeded his ability to litigate his case to date.  Plaintiff's

22  generalized assertions regarding limited law library access are insufficient to establish

23  exceptional circumstances.  The Court notes that in the event Plaintiff believes in good faith he

ORDER DENYING MOTION FOR
APPOINTMENT OF COUNSEL AND GRANTING
MOTION FOR EXTENSION OF DISPOSITIVE
MOTIONS DEADLINE - 2

will be unable to meet a deadline due to limited law library access or any other factor, he has the option of requesting an extension of time from the Court.

Plaintiff's inability to pay for an attorney also does not, on its own, constitute an exceptional circumstance sufficient to warrant appointment of counsel. To the extent Plaintiff claims he lacks the ability to litigate this action in light of its complexity, as the Court has previously noted, this action is not, in fact, particularly complex as Plaintiff's claims focus on a single issue; *i.e.*, the Passover meal sign-up process, and the actions of Defendants in relation to that process. The legal and factual issues appear to be straightforward and do not justify appointment of counsel.

Finally, Plaintiff asserts generally that his case has merit. However, at this point, the Court has before it only Plaintiff's amended complaint, Defendants' answer thereto, and now Plaintiff's motion to file a second amended complaint. The allegations in Plaintiff's pleadings are not sufficient for the Court to draw any conclusions regarding his likelihood of success on the merits of his claims. Based on the information available to the Court at this juncture, the Court must conclude that Plaintiff has not demonstrated that his case involves exceptional circumstances which warrant the appointment of counsel. Accordingly, Plaintiff's motion for appointment of counsel, Dkt. 58, is DENIED.

<u>Defendants' Motion for Extension of Dispositive Motions Deadline</u>

Defendants move for an extension of the deadline for filing dispositive motions in light of Plaintiff's pending motion to amend the complaint. Defendants' motion, Dkt. 62, is GRANTED. The dispositive motions deadline is extended to **December 31, 2021**.[1]

---

[1] The Court notes that Plaintiff's motion to amend, Dkt. 56, will be decided by separate order. In the event Plaintiff's motion to amend is granted, the Court will issue an amended pretrial scheduling order which may further adjust the dispositive motions deadline.

The Clerk is directed to send copies of this order to the parties and to the Honorable John C. Coughenour.

Dated this 18th day of October, 2021.

S. KATE VAUGHAN
United States Magistrate Judge