UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUSTIN COUNTRYMAN,<br><br>    Plaintiff,<br><br> v.<br><br>DAVID SHERMAN, et al.,<br><br>    Defendant. | Case No. C19-01767-JCC-SKV<br><br>ORDER GRANTING MOTION TO AMEND AND DIRECTING FILING AND SERVICE OF SECOND AMENDED COMPLAINT |

  Plaintiff, proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983, moves for leave to amend his complaint. Dkt. 56. Plaintiff's motion seeks to add one additional Defendant (Dawn Taylor) in place of one of the previously named "John Doe" Defendants, remove the remaining "John Doe" Defendants, and to add a sentence to his request for relief indicating that his claims are brought "jointly and severally" against each Defendant and the "actual amount of damages should be determined by the Jury after liability is shown." Dkt. 56. Defendants indicate they do not have a colorable argument in opposition to Plaintiff's motion to amend the complaint but ask for the shortest possible modification to the case scheduling order. Dkt. 60.

ORDER GRANTING MOTION TO AMEND AND
DIRECTING FILING AND SERVICE OF SECOND
AMENDED COMPLAINT - 1

Pursuant to Fed. R. Civ. P. 15(a), at this point in the litigation, Plaintiff "may amend [his] pleading only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires." In determining whether to allow an amendment to a complaint Courts consider the following factors: "the presence or absence of undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, and futility of the proposed amendment." *Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 538 (9th Cir. 1989).

Here, Defendants indicate they do not have a basis to oppose Plaintiff's motion to amend his complaint and it does not appear the current Defendants will be prejudiced by the amendment. Furthermore, Plaintiff indicates he recently became aware of the new Defendant's name. The Court finds that, under the liberal amendment standard, Plaintiff should be permitted to amend his complaint under the circumstances.

Accordingly, the Court GRANTS Plaintiff's motion for leave to file a second amended complaint (Dkt. 56) as set forth below and **ORDERS**:

(1) The Clerk is directed to **docket Plaintiff's proposed second amended complaint (currently Dkt. 56-1) as the second amended complaint**, replace "John Doe A" with Dawn Taylor, as a Defendant on the docket, and terminate the remaining "John Doe" Defendants.

(2) <u>Service by Clerk</u>

The Clerk is directed to send the following **to the existing Defendants who have already appeared in this action,** David Sherman (Chaplain, WSR), Belinda D. Stewart (Corrections Program Manager, WSR), Bryan King (Food Services Administrator, WSR), Mark Miller, (Religious Program Manager, WSR), Department of Corrections, Jack Warner (Superintendent (SOU/IMU), WSR), Scott J. Russell (Deputy Director, Command A, Department of Corrections), **by email**: a copy of Plaintiff's second amended complaint, this

Order, and notice of lawsuit.

The Clerk is directed to send the following **to the newly named defendant, Dawn Taylor (DOC Headquarters), by email:** a copy of Plaintiff's second amended complaint, a copy of this Order, a copy of the notice of lawsuit and request for waiver of service of summons, and a waiver of service of summons.

(3) <u>Response Required</u>

The newly named defendant, Dawn Taylor, shall have **thirty (30) days** within which to return the enclosed waiver of service of summons. A defendant who timely returns a signed waiver shall have **sixty (60) days** after the date designated on the notice of lawsuit to file and serve an answer to the complaint or a motion permitted under Rule 12 of the Federal Rules of Civil Procedure. A defendant who fails to timely return a signed waiver will be personally served with a summons and complaint and may be required to pay the full costs of such service, pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure. A defendant who has been personally served shall file an answer or motion permitted under Rule 12 within **twenty-one (21) days** after service.

The remaining Defendants shall file amended answers, or any motions permitted under Rule 12, of the Federal Rules of Civil Procedure, **no later than December 20, 2021**.

(4) <u>Filing and Service by Parties Generally</u>

All attorneys admitted to practice before this Court are required to file documents electronically via the Court's CM/ECF system. Counsel are directed to the Court's website, www.wawd.uscourts.gov, for a detailed description of the requirements for filing via CM/ECF. Plaintiff shall file all documents electronically. All filings must indicate in the upper right-hand corner the name of the magistrate judge to whom the document is directed.

ORDER GRANTING MOTION TO AMEND AND
DIRECTING FILING AND SERVICE OF SECOND
AMENDED COMPLAINT - 3

For any party filing electronically, when the total of all pages of a filing exceeds fifty (50) pages in length, a paper copy of the document (with tabs or other organizing aids as necessary) shall be delivered to the Clerk's Office for chambers. The chambers copy must be clearly marked with the words "Courtesy Copy of Electronic Filing for Chambers."

Any document filed with the Court must be accompanied by proof that it has been served upon all parties that have entered a notice of appearance in the underlying matter.

Any request for court action shall be set forth in a motion, properly filed and served. Pursuant to LCR 7(b), any argument being offered in support of a motion shall be submitted as a part of the motion itself and not in a separate document. The motion shall include in its caption (immediately below the title of the motion) a designation of the date the motion is to be noted for consideration upon the Court's motion calendar.

Stipulated and agreed motions, motions to file over-length motions or briefs, motions for reconsideration, joint submissions pursuant to the option procedure established in LCR 37(a)(2), motions for default, requests for the clerk to enter default judgment, and motions for the court to enter default judgment where the opposing party has not appeared shall be noted for consideration on the day they are filed. *See* LCR 7(d)(1). All other non-dispositive motions shall be noted for consideration no earlier than the third Friday following filing and service of the motion. *See* LCR 7(d)(3). All dispositive motions shall be noted for consideration no earlier than the fourth Friday following filing and service of the motion. *Id*.

For electronic filers, all briefs and affidavits in opposition to either a dispositive or non-dispositive motion shall be filed and served not later than 11:59 p.m. on the Monday immediately preceding the date designated for consideration of the motion. If a party (i.e. a *pro se* litigant

and/or prisoner) files a paper original, that opposition must be received in the Clerk's office by 4:30 p.m. on the Monday preceding the date of consideration.

The party making the motion may file and serve, not later than 11:59 p.m. (if filing electronically) or 4:30 p.m. (if filing a paper original with the Clerk's office) on the date designated for consideration of the motion, a reply to the opposing party's briefs and affidavits.

    (5)    <u>Motions to Dismiss and Motions for Summary Judgment</u>

Parties filing motions to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure and motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure should acquaint themselves with those rules. As noted above, these motions shall be noted for consideration no earlier than the fourth Friday following filing and service of the motion.

Defendants filing motions to dismiss or motions for summary judge are advised that they MUST serve a *Rand* notice concurrently with motions to dismiss and motions for summary judgment so that *pro se* prisoner plaintiffs will have fair, timely and adequate notice of what is required of them in order to oppose those motions. *Woods v. Carey*, 684 F.3d 934, 941 (9th Cir. 2012). The Ninth Circuit has set forth model language for such notices:

> A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, **you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary**

**judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.**

*Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (emphasis added).  Defendants who fail to file and serve the required *Rand* notice on plaintiff may have their motion stricken from the Court's calendar with leave to re-file.

(6) <u>Direct Communications with District Judge or Magistrate Judge</u>

No direct communication is to take place with the District Judge or Magistrate Judge with regard to this case.  All relevant information and papers are to be directed to the Clerk.

(7) <u>Pretrial Deadlines</u>

The Court will issue a new pretrial scheduling order upon the filing of Defendants' answers setting new deadlines for discovery and dispositive motions.  The Court notes that Plaintiff and the previously named Defendants have already engaged in significant discovery in this case and the Court will take this into account in determining the appropriate length of the discovery period and the scope of discovery.[1]

(8) The Clerk is directed to send copies of this Order and of the Court's *pro se* instruction sheet to Plaintiff.  The Clerk is further directed send a copy of this Order and a courtesy copy of Plaintiff's complaint to the Attorney General's Office, by first-class mail.

Dated this 19th day of October, 2021.

*S. Kate Vaughan* (signature)

S. KATE VAUGHAN
United States Magistrate Judge

---

[1] The Court notes that Plaintiff has filed a motion to compel discovery which is noted for consideration on October 22, 2021 and will be addressed by separate order.  Dkt. 63.

ORDER GRANTING MOTION TO AMEND AND
DIRECTING FILING AND SERVICE OF SECOND
AMENDED COMPLAINT - 6