Rev. 3/19

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

<u>Justin Countryman Doc. #306902</u>
*Plaintiff's full name and prisoner number*

Plaintiff,

v.

<u>David Sherman</u>

<u>Belinda D. Stewart</u>

<u>Bryan King     (see attached)</u>
*Defendant's/defendants' full name(s)*

Defendant(s).

(If you cannot fit all of the defendants' names in the space provided, please write "see attached" in the space above and attach additional sheets of paper, as necessary, with the full list of names. The names listed here must be identical to those in Section II. Do not include addresses here. **Individuals whose names are not included in this section will not be considered defendants in this action.**)

\*\*AMENDED\*\*

Case No. <u>19-cv-1767-JCC-MAT</u>
(leave blank – for court staff only)

\*\*PROPOSED\*\*
PRISONER CIVIL RIGHTS
COMPLAINT

Jury Demand?
☒ Yes
☐ No

## WARNINGS

1. Do not use this form if you are challenging the validity of your criminal conviction or your criminal sentence. If you are challenging your conviction or sentence, or if you are seeking restoration of good-time credits that would shorten your sentence, you must file a Petition for Writ of Habeas Corpus. If you use this form to challenge your conviction or sentence, you risk having your claim dismissed. Separate forms are available for filing a habeas petition.

2. Under the Prison Litigation Reform Act ("PLRA"), you are required to exhaust all remedies in your institution's grievance system that are available to you before filing suit. This generally means that you must file a grievance and, if it is denied, appeal it through all available levels of review. Your case may be dismissed if you fail to exhaust administrative remedies, unless the administrative grievance process was not "available" to you within the meaning of the PLRA. You are not required to plead or show that you have exhausted your claim in this complaint.

3. Please review your complaint carefully before filing. If your case is dismissed, it may affect your ability to file future civil actions while incarcerated without prepaying the full filing fee. Under the PLRA, a prisoner who has had three or more civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim cannot file a new action without first paying the full filing fee, unless the prisoner is in imminent danger of serious bodily injury.

4. Under Federal Rule of Civil Procedure 5.2, papers filed with the court, including exhibits or attachments to a complaint, <u>may not</u> contain certain information, which must be modified as follows:

| Do <u>not</u> include: | Instead, use: |
|---|---|
| • a full social security number | → the last four digits |
| • a full birth date | → the birth year |
| • the full name of a minor | → the minor's initials |
| • a complete financial account number | → the last four digits |

5. You may, but do not need to, send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint. Any documents you submit *must relate directly to the claims you raise in this lawsuit*. They will become part of the court record and *will not be returned to you.*

## I. PLAINTIFF INFORMATION

COUNTRYMAN, JUSTIN
_____
Name (Last, First, MI)                                    Aliases/Former Names

DOC. #306902
_____
Prisoner ID #

WASHINGTON STATE REFORMATORY
_____
Place of Detention

P.O. BOX 777
_____
Institutional Address

MONROE,                      WA.                      98272
_____
County, City                  State                   Zip Code

*Indicate your status:*

☐ Pretrial detainee                ☒ Convicted and sentenced state prisoner
☐ Civilly committed detainee       ☐ Convicted and sentenced federal prisoner
☐ Immigration detainee

## II. DEFENDANT INFORMATION

*Please list the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint. Make sure that the defendant(s) listed below are identical to those contained in the caption on the first page of the complaint. Attach additional sheets of paper as necessary.*

Defendant 1:   SHERMAN, DAVID
_____
Name (Last, First)

CHAPLAIN
_____
Current Job Title

P.O. BOX 777   MS: NM-83 WSRU
_____
Current Work Address

MONROE, WA.   98272
_____
County, City          State          Zip Code

Defendant 2:   STEWART D. BELINDA
_____
Name (Last, First)

XXXXXXXXXXX   CORRECTIONS PROGRAM ADMINISTRATOR
_____
Current Job Title

P.O. BOX 777
_____
Current Work Address

MONROE,          WA.          98272
_____
County, City          State          Zip Code

Defendant 3:   KING, BRYAN
_____
Name (Last, First)

FOOD SERVICES ADMINISTRATOR
_____
Current Job Title

P.O. BOX 777
_____
Current Work Address

MONROE,          WA.          98272
_____
County, City          State          Zip Code

see ATTACHMENT - A, for additional defendants.

## ATTACHMENT - A

Attached DEFENDANT INFORMATION:

Defendant 4:  WARNER, JACK
SUPERINTENDENT
P.O. BOX 777
MONROE, WA. 98272

Defendant 5:  MILLER, MARK
RELIGIOUS PROGRAM MANAGER
P.O. BOX 777
MONROE, WA. 98272

Defendant 6:  Russell, Scott
DEPUTY DIRECTOR COMMAND A
P.O. BOX 41131
TUMWATER, WA. 98501

Defendant 7:  **DAWN TAYLOR**
DOC headquarters
P.O. BOX 41131
TUMWATER, WA. 98501

Defendant 8:  DEPARTMENT OF CORRECTIONS (DOC)
P.O. BOX 41131
TUMWATER, WA. 98501

### III.  STATEMENT OF CLAIM(S)

*In this section, you must explain what you believe each defendant did to violate your civil rights, and if you know, identify the federal statutory or constitutional right you believe was violated.*

*If you believe the defendant(s) violated your civil rights in more than one way, explain each violation under a different count. For example, if you believe you received constitutionally inadequate medical care and your religious rights were substantially burdened, include one claim under "Count I" (i.e., medical) and the other claim under "Count II" (i.e., religion).*

*Number your paragraphs. For example, in Count I, paragraphs should be numbered 1.1, 1.2, 1.3, etc., and in Count II, paragraphs should be numbered 2.1, 2.2, 2.3, etc. The first two paragraphs of each Count have been numbered for you.*

*If you have more than three counts, attach additional pages and follow the same format for each count.*

*If you attach documents to support the facts of your claim(s), you must specify which portion of the document(s) (i.e., page and paragraph) you are relying on to support the specific fact(s) of your claim(s). If you do not specify the portion of the supporting document(s), the Court may disregard your document(s).*

### COUNT I

*Identify the first right you believe was violated and by whom:*

1.1  Religious Land Use and Institutionalized Persons Act (RLUIPA).- By David Sherman - Belinda D. Stewart, Bryan King, Mark Miller, ~~XXXXXXXXXXX~~, Scott Russell Dawn Taylor     (DOC Headquarters).

*State the facts of your first claim below. Include all the facts you consider important. Be specific about dates, times, locations, and the names of the people involved. Describe exactly what each specific defendant did or failed to do that caused you injury or violated your rights, and include any other facts that show why you believe what happened was wrong. If you need additional space, you may attach extra sheets.*

1.2  Posted 12-7-18, policy listing 3 requirements, at least 1 of the 3 need be met to be able to participate in the yearly Passover. Each of the above listed defendants' took part, in the developing of these require-ments and procedures. None of which cared about or made sure, that

Page 4 of 9

offender's rights would not be violated by the requirements. Each of these requirements and policy violated Plaintiffs Rights to practice his Religious Beliefs. Each of the 3 listed requirements individually violated Plaintiffs Religious rights, therefore, forcing compliance with any of the 3 requirements in order participate in Passover violated Plaintiffs' Religious rights in it's own and neither of the three criteria's could be used as corrected measures of the unlawful policy and

1.3 procedures. These defendants' also personally took part in carrying out these unlawful procedures, or directly put the policy & Procedures in motion to be carried out that directly was cause of Plaintiffs Religious rights being violated, preventing his participation in Passover. RLUIPA

1.4 Protection prohibits: requiring that prisoners show dietary practice was compelled by religion. Criteria (1) VIOLATED. 2. Requiring that offenders participate in particular religion in order to practice their own belief. Criteria (2) VIOLATED. 3. Prisons may not arbitrarily prohibit Religious Beliefs. Criteria (3) VIOLATED. Defendant Sherman personally carried out

1.5 this policy & procedures, as the prisons chaplain, knew or should have known violated Plaintiffs rights protected by RLUIPA.  see Attachment

*State with specificity the <u>injury, harm, or damages</u> you believe you suffered as a result of the events you described above in Count I. Continue to number your paragraphs.*

Plaintiff suffered mental & emotional distress, Humiliation, disbelief, sleeplessness, denial participation in religious beliefs as a participant in Passover. Stress and anxiety. injury of quality of life, deprivation of privilege and loss of liberty.

Page 5 of 9

## ATTACHMENT COUNT-1

1.6 Defendant Sherman personally participated in carrying out the Passover policy and procedures, he arbitrarily prohibited Plaintiff from participating in Passover. Having direct contact with DOC headquarters and DOC defendants, Sherman had input developing the policy, his failure to raise concerns the policy violated rights of offenders, as Chaplain, In his position, his duties required him to ensure that religious events did not violated rights of offenders. He failed, although he knew, or should have known, the interference into Plaintiff's religious beliefs would violate Plaintiff's religious rights. Sherman sent out his own version of the policy and procedures that he arbitrarily enforced, substantially burdening Plaintiff's religious rights to practice his beliefs.

1.7 The Constitution and RLUIPA protect each individuals religious beliefs. Plaintiff need not belong to a established church or sect, even if he does, his beliefs need not be shared by all other members, or be part of any orthodox or official interpretation of church doctrine.
This alone establishes that "the policy", Criteria's within, requiring specific diets, participation in particular religions, and or having a staff member-(Chaplain) arbitrarily determine if your religious beliefs qualify you to participate in the Passover, together and separately was contrary to RLUIPA and substantially burdened plaintiff's religious exercise.

1.8 Defendant Miller, (Religious Program Manager) was directly in contact with the defendants' at DOC headquarters, directly participated in developing the Passover policy, however as his duties, Miller failed to ensure such policy and procedure did not violate offenders rights. He's liable for substantially burdening Plaintiff's religious beliefs. Moreover, after Miller was made aware Plaintiff's rights were being violated. Miller failed to preform his duties by correcting the violations. Therefore, Miller is responsible as participant with his input, in developing the policy, and failing to ensure the policy did not violate offenders rights, as well, for his part played in putting the

policy in motion to be carried out. Thus, Miller is responsible for substantially burdening Plaintiff's religious exercise. Defendants

1.9 Stewart (Correction Program Administrator) and King (Food Services Administrator) Both worked directly with DOC headquarters with input into the Passover Policy. The finalization came down from headquarters, Stewart & King typed up the information and posted the Passover Policy under their authority. Therefore putting the policy in motion to be carried out by the other defendants'. Both Stewart & King, failed to ensure Plaintiff's rights were not violated by said policy. Their actions and or lack of, substantially burdened Plaintiff's religious exercise. Defendants' Russell and – **Dawn Taylor** – took part in manufacturing the Passover Policy, in direct contact with defendants a the WSRU Monroe facility as to their input in to the policy. These defendants forwarded the Passover Policy to defendants Stewart and King, therefore putting it in motion to be carried out. As their duties required, they failed to ensure this policy and procedure did not violated offender's rights. Even

1.10 after defendant Russell was made aware of the policy violating Plaintiff's rights, Russell failed to correct the violations. These defendants are liable for substantially burdening Plaintiff's rights to exercise his religion.

1.11 The RLUIPA is to be construed to broadly favor protection of religious exercise. The statute defines religious exercise as "any exercise of religion, whether or not compelled by, or central to, a system of religious belief". This reflects the exercise of religion as defined by the first Amendment to the Constitution. **Any Religious Regulations, Must, in All Cases, Be Equally Applied to All Groups**, likewise, where one group is permitted to manifest its religious beliefs in certain manner, all other religious groups must be afforded the same privilege.

1.12 Here however these same regulations were not placed on any other religious group, other than Passover.

1.13 RLUIPA provision requires a Government to incur expenses in its own operations to avoid imposing substantial burden on religious exercise.

1.14 Defendants' violated RLUIPA in causing substantial burden on Plaintiff's religious exercise, through their unlawful policy & procedures resulting in Plaintiff being arbitrarily prohibited participation in Passover. (Due to resource availability, per-say) although failure to incur such expenses imposed a substantial burden on Plaintiff's right to practice his religious beliefs.

## COUNT II

*Identify the second right you believe was violated and by whom:*

2.1  1st Amendment U.S. Const., Defendants' Sherman, Stewart, King, Miller, Russell & -Dawn Taylor- (DOC Headquarters).

*State the facts of your second claim below. Include all the facts you consider important. Be specific about dates, times, locations, and the names of the people involved. Describe exactly what each specific defendant did or failed to do that caused you injury or violated your rights, and include any other facts that show why you believe what happened was wrong. If you need additional space, you may attach extra sheets.*

2.2  Within the 1st Amendment are 5 separate concepts designed to guarantee Religious Liberties: (1) The Free Exercise Clause (2) Establishment Clause (3) Freedom of Expression (4) Freedom of Speech (5) Right of Expressive Association. Individually each of these named defendants' violated each of these rights of Plaintiff. In regular communications

2.3  with DOC headquarters & defendants there of. Defendants formulated this Passover policy each having some input about it, Not one of these defendants raised concerns that this policy may violated the rights of offenders, although each defendant is in the position to know and raise such concerns. However even as a directive from a supervisor, each defendant has a duty to inform upper supervisors that a violation may be present in any such directive. However, neither defendant Sherman, Stewart, King or Miller raised any such concerns, even after it was brought to their attention that this Passover policy did just that. They simply stated, it is coming from DOC headquarters, and nothing can be done about it.

2.4  The 1st Amendment protection, allows each individual to practice any

Page 6 of 9

Religion of their own choice and their own beliefs. Defendants' policy prevented Plaintiff from these rights. Defendants' Russell and **Dawn Taylor** coordinated this Passover policy along with the input from the other defendants, forwarding it to defendants' Stewart & King, who placed their names on the memo, as from them on their authority. Defendant Miller facility manager allowed these violation to occur.

see Attachment

*State with specificity the <u>injury, harm, or damages</u> you believe you suffered as a result of the events you described above in Count II. Continue to number your paragraphs.*

Being denied his right to practice his religious beliefs, Plaintiff suffered from mental and emotional distress, humiliation, and damages from complete denial of 1st Amendment rights, irreparable harm from being denied participation in Passover. SleepLessNess and Anxiety. Injury of quality of life; deprived of privileges; loss of liberty.

## COUNT III

*Identify the third right you believe was violated and by whom:*

3.1   14th Amendment- Due Process & Equal protection. Defendant Jack Warner -Sherman, Stewart, King, Miller, and Russell, - **Dawn Taylor** -

*State the <u>facts</u> of your third claim below. Include all the facts you consider important. Be specific about dates, times, locations, and the names of the people involved. Describe exactly what each specific defendant did or failed to do that caused you injury or violated your rights, and include any other facts that show why you believe what happened was wrong. If you need additional space, you may attach extra sheets.*

3.2   Defendant Warner, in a position to change policies, as a supervisor, when confronted with a grievance indicating the Passover policy was in violation of offenders rights, failed to do a complete investigation into the allegations and or take any steps to correct such violations, he simply went off what the other defendants had previously stated, then

Page 7 of 9

rubber stamped the complaint. Due process is violated when a violation of rights is brought to the attention of a supervisor, and that supervisor fails to corrected it. Defendant Russell likewise reviewed the complaint and failed to correct the violations, or make a full and complete investigation into violations in the complaint. Defendants Sherman,

3.3 Stewart, King & Miller, all failed to raise any cancers to their superiors. All named defendants violated Plaintiffs right to due process.

3.4 Equal protection, protects against regulation and restriction placed on a particular religious group while the same regulations/restrictions are "not" placed on other religious groups. Passover policies/regulations/restrictions, No other religious group had these placed on them to be able to attend there religious feast. Thus each defendant is in violation of plaintiff's equal protection rights. This to

3.5 enclude    - **Dawn Taylor** -    (DOC headquarters). Because each of the 3 criteria's of the Passover eligibility policy were in violation of religious rights. The entire process violated Plaintiffs due process protection. Each defendant took part in this violation. see Attachment

*State with specificity the <u>injury, harm, or damages</u> you believe you suffered as a result of the events you described above in Count III. Continue to number your paragraphs.*

Physical denial from participation in Plaintiff's religious belief to participate, caused mental and emotional distress, humiliation, 1st Amendment damages. Anxiety, **and Sleeplessness.** Injury of quality of life; Deprivation of privileges; and loss of liberty. see Attachment

Page 8 of 9

## ATTACHMENT - COUNT II

2.5 The First Amendment to the Constitution protects the "Free Exercise" of religion. Under that Amendment, prisoners have and absolute right to believe what they want, reasonable opportunities must be afforded to all prisoners to exercise the religious freedom guaranteed by the first and fourteenth Amendments without fear of penalty .

2.6 Under the 1st Amendment, policies that place unlawful restrictions on an offenders eligibility to participate in a religion of his choice, is substantially burdensome and violates the 1st Amendment protection.
In Exodus of the old testament, in the King James Bible, clearly Documented Plaintiff's God given right to participate in Passover. Any requirement's, or restrictions, placed on Plaintiff's ability to participate in the Passover is a substantial burden on Plaintiff's religious exercise.

2.7 Defendants' Russell and  - **Dawn Taylor** -    officially directed, authorized and put the Passover policy in motion to be carried out. Forwarding the information to defendants' Stewart and King, whom typed and signed the Passover policy, placing their authority and policy in motion to be carried out. Defendant Miller (Religious Program Manager) as such, Authorized and participated in the developing the policy. He failed to due his duties in ensuring the policy did not violated rights of offenders. Failed to correct any violations even after they were brought to his attention. For his part he also put this policy in motion to be
2.8 carried out. Defendant Sherman, (Facility Chaplain) has a duty to ensure offenders religious rights are not violated, thus, he is required to know exactly what does violate an offenders rights. Therefore, knew or should have known, the policy and his action in the parts he played in carrying out the policy, substantially violated the religious rights of Plaintiff and other offenders. However, even after Plaintiff complained sherman was violating his religious rights, Sherman, failed to correct, or even attempt to correct the violation. he simply continued to participate in carrying out the violations that substantially burdened plaintiff's ability to practice his religion. As a chaplain, Sherman is held to

higher standards, thus, for his part in these violations of Plaintiff's rights, holds his personal accountability Grater. Each defendant has violated plaintiff's first Amendment rights.

## Attachment COUNT III

3.6 Religious Discrimination of the 14th Amendment is violated when one religious group has regulation and or restrictions placed on it while other religious groups do not. Passover was singled out by these defendants and was the only religious group that had regulation and restrictions placed on it to limit offender participation. Each of these defendants', individually and together, starting with : Russell, **Dawn Taylor,** Jack Warner, Stewart, King, Miller, and Sherman, all had a duty to ensure offenders rights were not violated by their own actions, and or, Correct such violation if they are brought to their attention. Each defendant individually failed to prevent Plaintiff's religious rights from being violated, violating due process clause. Due process

3.7 requires supervisors to correct violation when they are brought to their attention, either by a subordinate or brought up in an appeal. Here lower staff defendant's failed to inform upper staff of the religious violations, and when brought up in Grievance, supervisor defendants, failed to correct the errors. Russell, Warner, Stewart, king, and miller.

3.8 Subjecting offenders (Plaintiff) to obided by unlawful policy, and where such policy offer's through a unlawful criteria possibility to participate in an event only if the offender further foregoes in further unlawful procedures, "is a violation of offender rights. The Passover policy was unlawful, each of the three criteria's were each independently unlawful. Requiring plaintiff to meet one of the three unlawful criteria's to be eligible to attend Passover, was Unlawful. Defendants' cannot then however rely one of the 3 illegal criteria's to support a legal due process procedure.- If any part of the process offered is unlawful, the entire process is unlawful for the purpose of due process. It was exactly what the defendants policy attempted to due by having Plaintiff in criteria III, explain why he should be allowed to attend, than have Sherman arbitrarily conclude if Plaintiff was "eligible" to participate in the Passover. This violated the RLUIPA, 1st, and 14th Amendments, By the making of this policy and carrying it out. Each of these defendants' participated in developing, ordering it to be carried out, and over seeing the procedures.

3.9 Defendant's Russell and -**Dawn Taylor**- at DOC Headquarters are official policy makers, Jack warner- superintendent, and has authority to change policy, was part of the appeal process and although the religious violations were brought to his attention, failed to correct them. Miller,

4.9 religious manager, failed to manage the religious programs with out violations of Plaintiff's rights. Having direct contact with DOC headquarters had the duty to inform headquarters about the Passover policy violations, however as part of the appeal process, he failed to comport with his duties allowing Plaintiff religious rights to be

4.10 violated. Stewart and King Administrators, have the authority to make changes in policies, and or contact DOC headquarters about necessary changes in policies that violate the rights of offenders. They also are in the position to know what violates offenders rights and prevent policies that due. They both failed at their duties even after be made aware the policy was in violation of Plaintiff's rights. Defendant

4.11 Sherman, the Prison Chaplain, should be the most liable to know what violates religious rights and contact DOC headquarters of any violations brought to his attention. Sherman elected to carry out the unlawful procedures even after plaintiff made him aware this policy and the procedures he was conducting violated plaintiff's religious rights. Sherman failed to preform as a chaplain and violated Plaintiff's religious rights. All defendants' substantially burdened Plaintiff's religious practice.

ATTACMENT COUNT IV

4.1   Eighth Amendment- Cruel Unusual Punishment; Defendants' Sherman, Stewart, King, Miller, Russell, -**Dawn Taylor**-, (DOC) Headquarters

4.2   Each named defendants' participated in violating plaintiff's religious rights, each of which is liable for violating the 8th Amendment, preventing Plaintiff's participation in Passover was cruel unusual punishment. Passover is deeply rooted into Plaintiff's religious beliefs that he may participate in Passover. However, Too force an offender to partake in an unlawful policy & procedures while giving him hope of being allowed participation in a [already Protected] religious belief, was cruel unusual punishment. As part of Plaintiff's confinement, he was relieved of his Guaranteed Religious Rights. Thus, amounted to Cruel unusual punishment. Each defendant, took part in manufacturing the unlawful Passover policy, and or took part in facilitating its unlawful contents. This made for conditions which support a 8th Amendment violations.

4.3   Defendants' Russell, and - **Dawn Taylor** -   as part of DOC headquarters were in the position to ensure the Passover policy did not violate offenders rights, they were the ones that manufactured the policy and sent it to the facilities to be carried out. Defendants' Stewart & King, received these orders from Doc, formulating them into the policy they than had posted through the facility to be carried out in order for offenders to be permitted to participate in the Passover. Defendant

4.4   Miller (religious program manager) was involved with DOC headquarters, and the other defendants' through out the process. He was in charge to over see these procedure's were carried out. Miller denied Plaintiff a fair opportunity to appeal, by shifting fault onto DOC when confronted with violation of rights were occurring. Defendant Sherman, as the

4.5   Chaplain, knew or should have known, such a policy directly violated the rights of the Plaintiff. He even forwarded his own version of the policy to offenders he was denying the right to participate in Passover. Sherman willfully carried out the unlawful procedures without once confronting

his supervisors of the violations of religious rights. Sherman, arbitrarily prohibited Plaintiff from practicing religion of his choice, therefore prevented Plaintiff from attending Passover.

Plaintiff suffered: Physical deprivation from participating in his religious beliefs, mental and emotional distress, Anxiety, Stress, Sleeplessness, humiliation. Injury of quality of life; Deprivation of privileges; Loss of liberty.

### ATTACHMEN COUNT V.

5.1 Washington State Constitution Art. I §11 Amendment #4- RELIGIOUS FREEDOM. - Defendants' Department of Corrections (DOC),- **Dawn Taylor** (DOC headquarters), Russell, Stewart, King, Miller, Sherman.

5.2 These defendants' violated Plaintiff's protected right within: Art. I, § 11 Amwndment #4, Religious Freedom) When they manufactured the Passover policy, Placed the policy into operation to be carried out by subordinate's, and those defendant subordinates that carried out policy knowing it violated offender's religious rights. Defendants' failure to correct the violation when confronted, also violated plaintiff's religious rights.

5.3 The state Constitution gives Plaintiff the right to believe and practice any religion of choice, without interference from state or government officials. Nevertheless, these defendants' in one way or another, had part in Plaintiff being denied participation in the Passover. This directly violating Plaintiff's Religious Freedom rights.

5.4 Defendant Sherman put out his own version of the Policy extending his part in violating offenders rights. Took part in arbitrary acts that prohibited religious practice & beliefs, this in relations to Criteria #3 of the policy, which violated Plaintiff's Religious Freedom rights, he was the official reason Plaintiff was not approved to participate in Passover. Sherman as Chaplain failed to report to his supervisors that this policy and procedures violated Plaintiff's religious freedom rights. He nevertheless carried out these unlawful acts against Plaintiff.

5.5   Defendant Miller the facility Manager was the Religious program manager, as such, had a duty to ensure religious activities did not violate the religious rights of offenders. However after it was brought to Miller's attention that the Passover policy was in violation of Plaintiff's rights, his response was, its coming down from DOC headquarters, nothing could be done about it. His failure to preform his duties by not notifying DOC of the policy, violated Plaintiff's rights. Miller, wilfully and knowledgeable violated Plaintiff Religious Freedom Rights.

5.6   Defendants' Stewart & King as well, all defendants, took part in the manufacturing the Passover policy by consulting with DOC headquarters with their input, failing to raise it violated the offenders rights. Stewart & King put the Passover policy in motion to be carried out.

5.7   Russell and - **Dawn Taylor** - defendants' developed the Passover policy, in doing so failed to preform their jobs by ensuring the policy was within the laws and rights of the offenders. However, even after Russell was notified in a level three grievance the policy violated Plaintiffs' religious rights, preventing Plaintiff from participating in Passover, defendant Russell refused to correct the violation and rubber stamped the complaint without correcting the problem or doing a proper investigation.

Plaintiff suffered: mental and emotional distress, anxiety, Stress, Sleeplessness, humiliation, denied right to physical participate in Passover; Loss of liberty; Deprivation of privileges; Injury of quality of life.

5.8 The department of correction (DOC) is in full and complete control of Plaintiff. Defendant DOC created a policy that was in violation of Plaintiff's rights under Art. I, § 11 Amendment #4 of Wash. Const., the policy & procedures were unlawful, violating Plaintiff's Religious Freedom, and lead to Plaintiff being denied participation in Passover.

All defendants' were operating under the color of Law, and are sued in both their Individual and Official Capacities. This is to enclude Counts one through five.

## IV. RELIEF

*State exactly what you want the Court to do for you. For example, you may be seeking money damages from an individual defendant, you may want the Court to order a defendant to do something or to stop doing something, or you may want both kinds of relief. Make no legal arguments. Cite no cases or statutes.*

Issue Compensatory or Presumed damages; & Punitive damages; Any other relief that the Court may deem just an proper, **Jointly and Severally Against each defendant. Actual amount of damages should be determined by the jury after liability is shown.**

## V. SIGNATURE

*By signing this complaint, you represent to the Court that you believe the facts alleged to be true to the best of your knowledge, that you believe those facts show a violation of law, and that you are not filing this complaint to harass another person or for any other improper purpose.*

8-18-21
Dated

Plaintiff's Signature