UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUSTIN COUNTRYMAN,<br><br>  Plaintiff,<br><br> v.<br><br>DAVID SHERMAN, et al.,<br><br>  Defendant. | Case No. C19-01767-JCC-SKV<br><br>ORDER DENYING MOTION TO COMPEL WITHOUT PREJUDICE AND DIRECTING PARTIES TO FILE JOINT STATUS REPORT |

This is a 42 U.S.C. § 1983 prisoner civil rights action. Plaintiff moves to compel with respect to three of Defendants' objections/answers to interrogatories and requests for production. Dkt. 63. In his motion, Plaintiff indicates he is filing his motion to compel in order to preserve the issues prior to the expiration of the dispositive motion deadline on September 30, 2021. Dkt. 63. Plaintiff indicates that he had been unable to discuss the issues raised in his motion with defense counsel due to her unavailability but would be willing to withdraw the motion if the issues were worked out. *Id.* Defendants have responded and ask that the motion be denied without prejudice as the parties are in the process of discussing and attempting to resolve the discovery issues raised in Plaintiff's motion. Dkts. 64, 65. Plaintiff did not file a reply.

A party may obtain discovery regarding any nonprivileged information that is relevant to any claim or defense in their case.  Fed. R. Civ. P. 26(b)(1).  When determining whether evidence is discoverable, the Court must also consider "whether the burden or expense of the proposed discovery outweighs its likely benefits." *Id*.  Once the party seeking discovery has established the request meets this relevancy requirement, "the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Bryant v. Ochoa*, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009).  When a party believes the responses to their discovery requests are incomplete, or contain unfounded objections, they may move the court for an order compelling disclosure.  Fed. R. Civ. P. 37.

The movant must show they conferred, or made a good faith effort to confer, with the party opposing disclosure before seeking court intervention.  *Id*.  Moreover, a motion to compel may be premature where the record reflects that the parties have not reached an impasse regarding discovery disputes.  *See Advanced Hair Restoration, LLC v. Hair Restoration Centers, LLC*, 2018 WL 828213, at *2 (W.D. Wash. Feb. 12, 2018) (denying motion to compel where "[t]here is no evidence that the parties reached an impasse in their discussions" and defendant was "attempting in good faith to resolve the discovery dispute outside of Court by producing the requested records"); *Beasley v. State Farm Mut. Auto. Ins. Co.*, 2014 WL 1268709, at *3 (W.D. Wash. Mar. 25, 2014) (denying motion to compel when there is no suggestion that the parties reached impasse before the plaintiff filed his motion); *Branch Banking & Tr. Co. v. Pebble Creek Plaza, LLC*, 2013 WL 12176465, at *1 (D. Nev. July 26, 2013) (judicial intervention is appropriate only when "informal negotiations have reached an impasse on the substantive issue in dispute").

Here, it appears that the parties have not yet reached an impasse in their discussions and that they are working in good faith to resolve the discovery disputes. Accordingly, the Court hereby ORDERS:

(1) Plaintiff's motion to compel, Dkt. 63, is DENIED without prejudice as premature.

(2) The Court notes that the discovery deadline in this case expired on August 30, 2021. However, the parties represented in their prior joint status report, Dkt. 55, and the Defendants represent again here, that there are certain specific ongoing discovery issues that they are communicating about and working to resolve. Accordingly, the Court hereby directs the parties to file a joint status report **on or before November 29, 2021** addressing:

   a. The status of the remaining discovery issues and providing a date when they reasonably believe those issues will be resolved; and

   b. The scope of any additional discovery and the length of any additional discovery period that will be necessary in light of the recently-filed amended complaint; and

   c. Whether the dispositive motions deadline should be further extended in light of the amended complaint.

The Clerk is directed to send copies of this order to the parties and to the Honorable John C. Coughenour.

Dated this 5th day of November, 2021.

S. KATE VAUGHAN
United States Magistrate Judge