THE HONORABLE JOHN C. COUGHENOUR

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9    JUSTIN COUNTRYMAN,                          CASE NO. C19-1767-JCC

10                          Plaintiff,           ORDER

11          v.

12   DAVID SHERMAN, *et al.*,

13                          Defendant.

14

15          This matter comes before the Court on Plaintiff's objections (Dkt. No. 92) to the Report

16   and Recommendation ("R&R") of the Honorable S. Kate Vaughan, United States Magistrate

17   Judge (Dkt. No. 91). Having thoroughly considered the parties' briefing and the relevant record,

18   the Court hereby OVERRULES Plaintiff's objections, ADOPTS the R&R, and GRANTS

19   Defendants' summary judgement motion (Dkt. No. 78) for the reasons explained herein.

20          The Department of Corrections (DOC) offers a meal program for inmates who celebrate

21   Passover. (Dkt. No. 38.) Inmates who seek to participate must apply to the DOC (Dkt. No. 36 at

22   2.) Plaintiff is currently a prisoner at Monroe Correctional Complex (MCC). (Dkt. No. 68.) DOC

23   refused to allow Plaintiff to participate in Passover in 2019, unless he applied to the DOC. (Dkt.

24   No. 5.) Rather than provide the additional information required by the application, he proceeded

25   with this 42 U.S.C. § 1983 action *pro se*, alleging the DOC, and various DOC employees,

26   (hereafter "Defendants") violated his state, federal, and constitutional rights, for requiring him to

ORDER
C19-1767-JCC
PAGE - 1

1  satisfy a set of criteria to participate in Passover meals. (*Id.*) Defendants filed for summary

2  judgement. (Dkt. No. 78.) Judge Vaughan recommended the Court GRANT the motion. (Dkt.

3  No. 91.) Plaintiff timely objected. (Dkt. No. 92.)

4  Summary judgment is proper if "there is no genuine dispute as to any material fact and

5  the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court views

6  facts in the light most favorable to the nonmoving party and resolves ambiguity in that party's

7  favor, but it must not make credibility determinations or weigh evidence. *See Anderson v.*

8  *Liberty Lobby, Inc.*, 477 U.S. 242, 248–49, 255 (1986); *Bator v. Hawaii*, 39 F.3d 1021, 1026 (9th

9  Cir. 1994).

10  Judge Vaughan recommends this Court grant summary judgment to Defendants as a

11  matter of law. (Dkt. No. 91.) Plaintiff objected, but failed to identify any specific issues for

12  review. (Dkt. No. 92.)  Instead, he provides only the most conclusory objections. For example,

13  he claims his previous response to summary judgment "shows that there are material facts in

14  dispute that a jury should be the trier of fact" with respect to the Eighth and Fourteenth

15  Amendment claims, and this Court should find his response "has merit and hold Defendants

16  accountable for the constitutional deprivations." (Dkt. No. 92 at 13.) He continues in this fashion

17  for the remainder of his claims. (*Id.*)

18  The Court reviews *de novo* those portions of a R&R to which a party objects. 28 U.S.C.

19  § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Objections are required to enable the court to "focus

20  attention on those issues—factual and legal—that are at the heart of the parties' dispute."

21  *Thomas v. Arn*, 474 U.S. 140, 147 (1985). A party properly objects by timely filing "specific

22  written objections" to the magistrate judge's R&R as required under Federal Rule of Civil

23  Procedure 72(b)(2). General objections, or summaries of arguments previously presented, have

24  the same effect as no objection at all, since the Court's attention is not focused on any specific

25  issues for review. *See Simpson v. Lear Astronics Corp*, 77 F.3d 1170, 1175 (9th Cir. 1996); *see*

26  *also Djelassi v. ICE Field Office Director*, 434 F. Supp. 3d 917, 919 (W.D. Wash. 2020) (district

ORDER
C19-1767-JCC
PAGE - 2

1  courts only review *de novo* "those portions of the report and recommendation to which specific

2  written objection is made"). While *pro se* parties are held to a less stringent standard, *see*

3  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), that does not excuse them from making proper

4  objections, *see, e.g.*, *Carter v. Commissioner*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although

5  *pro se*, he is expected to abide by the rules of the court in which he litigates.").

6       Plaintiff's objections, as described above, reiterate the merits of his claims, are filled with

7  conclusory statements, and summarize arguments previously presented point to no specific error

8  by Judge Vaughan, and thus do not provide the Court a basis to reject the R&R. Therefore, they

9  amount to no objection at all, since they do not focus the Court's attention on any specific issues

10  for review. *See Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

11       For the foregoing reasons, the Court OVERRULES Plaintiff's objections, (Dkt. No. 92),

12  ADOPTS Judge Vaughan's R&R, (Dkt. No. 91), and GRANTS Defendants' summary

13  judgement motion (Dkt. No. 78).

14       DATED this 2nd day of December 2022.

15

16

17  _____

18  John C. Coughenour
    UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

ORDER
C19-1767-JCC
PAGE - 3